The U.S. Bank. Good morning, Your Honors. Good morning. My name is Ed Griffith, and I represent Michael and Vivian Bazemore. They're here today in the courtroom. You might realize that they represented themselves for many years in this case, and I'll have to say they've given me a lot of help since I got involved as well. And this is a case arising out of the Truth in Lending Act. It's a rescission case. And, of course, the rescission cases have gotten a lot of publicity and shaken up a lot since January of 2015 when the Supreme Court, in a unanimous decision, Jesenowski v. Country Ride, really resolved a split in the circuit courts, and they adopted the minority view, and that was that a borrower can rescind a mortgage not by starting a lawsuit, which was the majority view prior to January of 2015, but by simply sending a notice to the lender saying, we hereby rescind the loan. That's all they have to do. And in the Jesenowski decision— So tell me which issue you're on. You've got a statute of limitations issue. Why don't you focus us on exactly which issue you are talking about? That's the issue, and that is the narrow issue that is raised in this case, that the district court dismissed a declaratory judgment brought by the Baysmores to declare that their notice of rescission sent in February of 2011 was effective. And the district court applied the one-year statute of limitations that's set forth in the Truth in Lending Act for damages. It is in a section that's codified at 15 U.S.C. 1640, subparagraph E, and that section clearly states that it's a statute of limitation that applies to claims for damages brought under Section 1640. But aren't you running afoul? First, Jesenowski didn't say anything about a statute of limitations. He just said you don't have to bring the lawsuit. But aren't you running afoul of the concurrent remedy doctrine in that you're trying to bootstrap your deck action onto a time-barred damages suit? No, I don't think so. Isn't that what the judge found? No, I don't think so, Your Honor. I think that we're not trying to bootstrap. We're just saying that we're taking, and this is where the relationship with Jesenowski is. Jesenowski says that rescission is effective on notice. The statute then requires the lender to respond in 20 days. Now, in this case, they didn't respond in 20 days. But once it's effective, why would any statute of limitations apply to require the lender to go and get a declaratory judgment action that the rescission was effective? So it could be 20 years. Well, that's what we say in our brief because, as you know, Judge Totenberg, in denying our motion for reconsideration, found fault with our reasoning by saying, well, we didn't propose an alternative statute of limitations. We say in the first case, well, the statute of limitations really is an obligation that the bank has. But the most analogous statute of limitations would be Georgia's 20-year statute of limitations to enforce a statutory right. And in this case, the right arises out of the borrower's right to rescind under Section 1635 of Title 15, which is a separate section of TILA. Well, counsel, let's assume that, just for the sake of this question, that the district court erred on the statute of limitations issue. Couldn't the district court still be affirmed if the complaint didn't adequately allege that the bank failed to make the mandatory TILA disclosure? Theoretically, it could, Your Honor. But the problem with that argument, and that's the thrust of the bank's brief, of course. I don't think they even attempt to defend the statute of limitations reasoning of the district court. Well, just answer. So the answer is yes. And so tell me where in the complaint you allege that the bank failed to make the mandatory TILA. Paragraph 24 of the complaint appears on page A55 of the record. And it says, I'll read it entirely. It's very short. It says, specifically, U.S.B., U.S. Bank, has not complied in any manner with the requirements of 15 U.S.C. Section 1635. Well, you turn to Section 1635, and that's where the requirements of setting. So, counsel, and that's what you pointed to in your brief. That's right. And that's also what the very same language is in your motion to file another complaint. That language does not change, correct? You mean in the revised complaint? In the proposed revised complaint? Exactly. Your Honor, that probably is correct. I was not involved in drafting that revised complaint. I'm looking at it. Right. And so assuming it's the same. So you're talking about that one sentence. And so it's your position that you don't have to state in the complaint the manner in which the facts showing the rescission. You just have to say there are requirements, and they didn't meet the requirements. I think that's right. I don't think Rule 9 here applies. I think this is a general issue of pleading, and under the general rules of pleading, an allegation that they failed to make the proper disclosures, the disclosures that were required by a specific statute that's set forth. I don't think there's much ambiguity there. And indeed. So you don't have to say which disclosures or do anything more than that? I don't think so. And I don't know if the bank even points to any. How hard is it to do that? I mean, Iqbal Twombly tells us you don't just get to go throw something against the wall. How hard is it? Did they not tell you the interest rate? Why is that not a doable thing? Well, it may or may not be a doable thing, but the issue before you, Your Honor, is whether or not it's a requirement under the pleading rules for pleading a valid declaratory judgment for rescission or to confirm that the rescission was effective. The thing is that Iqbal Twombly has instructed us that you can't just make unsupported legal statements and that the bank failed to disclose material facts would be a legal statement and that you have to allege facts that would support that. So help me. This statement is not all of that general. It says it failed to comply in any manner with the requirements of 1635. And if you go to the requirements of 1635, there they are in black and white with respect to the disclosures. They refer to other sections. But I think that it . . . So when the defendant is called upon to answer, he has no clue which of that list of things. So the defendant has to answer everything, has to rebut a negative because he has no idea what you're even alleging. Well, I don't think that's fair, Your Honor. I think that the defendant could say, no, we did comply with the requirements of 1635. And I think in their motions to the trial court, if they had copies of the disclosures that they were made, they could certainly have submitted. As did your client. They had copies of the disclosure, did they not? I'm not so sure about that, Your Honor. This was years ago. They were representing themselves. So they're calling for rescission of a $400,000 loan they got and they're still in the house and they want to keep the house, not pay the money back based on the fact some terms were not disclosed, but they don't even know that's the case because they don't even have the disclosures. That's a little weak. Well, Your Honor, if you assume that the bank did not make those disclosures, they wouldn't have the piece of paper. Again, I'm not here to say or to testify what the facts are because, frankly, I don't know. But all I know is that the legal issue before you is whether the pleading requirement was sufficient. And I'll have to say that the district court believed that it did. In the magistrate judge's opinion, she specifically states that the plaintiffs have alleged facts supporting the timeliness of the rescission request and, by implication, have supported that they were not provided with notice of their rights that would require rescission within three days. You said something earlier, and you said 2011, which was the letter, is when we start the clock. But your clients paid the mortgage for another year, and it wasn't until 2012 that an actual complaint was filed with the federal agency about TILA. So aren't we starting our clock from 2012, or was that not addressed? I'm not sure if it was addressed. I think that there was some confusion over the date of the rescission notice. I think the Bazemores, before I got involved, took the position that they gave several notices of rescission. The first one that I found was, and I think the clearest, is the February 11, 2011 letter. There's a letter in, I think it's February also, 2012, that was sent to a consumer protection agency, a copy of which was sent to the bank, and the Bazemores take the position that that, too, put the bank on notice that they had rescinded their loan pursuant to Section 1635. But I want to go back just in terms of the pleading requirement. I think also that had the district court, this was certainly an argument that the bank made before the district court, and the district court rejected it in the language that I just read to you. Judge Totenberg, in adopting the magistrate's recommendation, didn't deal with that, but she adopted the recommendation generally in all the respects that she did not specifically discuss, and so it's part of her order as well. And I think that had the district court not erred in applying the one-year statute of limitations, and if they looked at an issue like this, and maybe they would have agreed with you, Judge Carnes, that just out of fairness to the bank, maybe we need a little bit more elaboration. What would a district court judge do? I think that they would have dismissed the complaint and give the Bazemores the opportunity to correct that error. They never had that opportunity to do that. And now remember, I know that you're probably more familiar with the language of the proposed third amended complaint, or is it the second? I'm not sure, than I am. But that was drafted by the Bazemores and submitted before any of these issues were discussed. Is that something in the record, or the third amended complaint you're referring to? I don't believe it is on the record. It is. There was a motion that was made by the Bazemores to amend their complaint another time. But it had been the second amended complaint. The second amended complaint. And that motion was denied by the district court, I believe based on futility, because the proposed complaint was going to elaborate on the declaratory judgment claim. But I'm not sure, and I don't think it did go into more detail in terms of the failure of the bank to comply with the disclosure requirements. I believe we have taken you over your time. Oh. No, it's our doing, too. Thank you. We'll hear from you again. Thank you. May it please the Court, Your Honors. I do want to clear up one issue that I do think is important, and that is, I think Mr. Griffith just misspoke when he said that they were unrepresented. In fact, if you look at the end of the second, the amended complaint, it's filed by an attorney. All of the responses and pleadings are filed by an attorney up until the point that the judge rules against them, and then they start filing motions to Rule 59 motions, Rule 60 motions. So they were represented when all of these complaints were done, so it is not a less stringent pleading standard. Now, as to Judge Williams, as to your question, the bank would agree with you that you are correct, that the concurrent equitable remedy is generally barred, and that's because in this particular case, the declaratory judgment is not its own cause of action. It's a TILA cause of action. The remedy is a declaratory judgment. And since the briefing has been filed, there is a case, Cook v. American Home Mortgage Corp., it's 2017, U.S. District, Lexus 58209, and that's from the Southern District of Florida. Judge Middlebrooks. Yes. Yes, Judge. And it's April 17th, and so in that case, it basically laid it out. It cites to the Eleventh Circuit Law, National Parks and Conservation Association v. Tennessee Valley Authority. And in that, it laid out that because you have to look at the underlying remedy, you look at the one-year statute of limitations from TILA as opposed to the remedy, which is a declaratory judgment, which has no statute of limitations. Let me ask you, though. I agree. But before you ask that, because I'm just not clear, what's your answer? Is your answer, you didn't attack, you didn't disagree that the district court ruling was incorrect on the statute of limitations. So I'm trying to just understand what you just said. Are you now switching gears? What is your position? Short answer. Our position is, Your Honor, that the one-year statute of limitations does, in fact, bar it. We argued it below. We cited the Frazil v. EMC Mortgage Corp. case in our briefs below. But on this appeal, you didn't really argue that, did you? No, Your Honor. We don't believe you actually have to get there because if you look at the complaint, the pleading standard is— All right. So that's your motivation. So you did an argument. Now here, an oral argument. You've changed your mind based on what Judge Middlebrooks wrote? Well, no, Your Honor. I think Judge Middlebrooks is correct. We just think there's other ways to get there. Well, are you or are you not doing the statute of limitations? Yes, Your Honor. We do believe the statute of limitations bars it based upon the concurrent equitable remedy. But we don't think the court needs to reach that. If the court does reach that, then, yes, we do believe that the statute of limitations— We like to reach things that are direct and quick, but you really don't want us to go there. All right. And I interrupted Judge Williams. I apologize. That's all right. Well, assuming I agree with you on the underlying circumstances, set of facts, and pleading standard, all of it, what I don't understand is your bank—it seems at some point everybody involved is playing a game of chicken, hoping—the plaintiffs are hoping you won't come find them in their home, and you don't respond to them at all until 2014 when you initiate the nonjudicial foreclosure. So at that point, why isn't it appropriate for them to bring as an affirmative defense to your claim, You never told us what we need to know under TILA, and we endeavored to rescind any number of affirmative defenses to the cause you bring. Well, Your Honor, with respect to the letter itself from 2011—and I'll address that first because it's a multi-part question. Now, if you look at that letter, and we note in our brief, they've abandoned the uploads to the CFPB. It clearly doesn't meet the requirement that you have to mail something to a bank in order to service proper rescission notice. So you take a look at the letter, and that's A135 through A137. And in the letter itself, if you actually read it, it says we're talking about a December 2003 loan. That's not an issue in this case. This is a 2009 refinance. That was the original loan. So they sent—that U.S. Bank didn't even originate. Wells Fargo originated, and that's in the record. It says that multiple times. This is about a different loan. So U.S. Bank does not have any duty to respond to a request for information about a loan it never originated and that it never dealt with. It was distinguished with the refinance. So the letter in and of itself is not sufficient to effectuate rescission even if there is one. In addition, you have to have a right to rescind to begin with. And nothing in that letter indicates at all what right anyone would have to rescind. So if you want to, as you say, if you would like to say our interest rate is wrong or we were never provided the disclosure forms to begin with, TILA actually has certain material disclosure requirements, and the court discussed those in the Wayne case, and it said these are the ones that are material because you can have any number of complaints. But you're talking, and I'm not disagreeing, but you're giving me a merits argument. I'm saying once you file the papers for foreclosure, why is that not a precipitating event for the Baysmores to come forward and say, even if you don't agree with us in our timeline, we think you didn't tell us what we need to know. We tried to tell you we're rescinding, so that's part of this. So, Your Honor, with respect to the right to rescind, the Beach Supreme Court case dealt specifically with that, Beach v. Aquin. And in that case, it was directly an issue of can we enforce the right to rescind more than three years after the loan closed. And the Supreme Court said no. And in that particular case, it was the Supreme Court stated, quote, the Beaches concede that any right they may have to initiate an independent proceeding for rescission under 1635 elapsed in 1989, three years after they closed their loan. So the Supreme Court said everyone agrees you have three years to enforce rescission after you close your loan. And they also said you can't bring it back. Now, that's rescission. Damages, Your Honor, is separate because under 1640E, you have the right to file in defense. You have one year to file a suit of any violation, and you can file it in defense to recoupment or setoff. Now, that in Georgia law is not a nonjudicial foreclosure sale. So under Georgia law, Georgia actually has interpreted TILA, and it determined that it was a setoff, not a recoupment claim. And that's in Hodges v. Community Loan and Investment, a 1974 Georgia Court of Appeals case. And so in Georgia, you have two different mechanisms. You have a nonjudicial foreclosure sale, and that's only on the deed. And then you have a confirmation sale to collect the debt. Right, but doesn't it say in 16 – I want to get my numbers right – 1640, that this subsection does not bar a person from asserting a violation in an action to collect the debt, the foreclosure, which was brought more than a year from the date of the occurrence as a matter of defense by recoupment or setoff in such action? It does say that, Your Honor. And respectfully, it is not an action to collect a debt because under Georgia law – and then if you read the last part of that section, except as provided by state law. So Georgia can reduce your ability to use that. And the way they do that in Georgia is a foreclosure is not an action to collect the debt. It's only to enforce the security interest. So you're saying the foreclosure, there's no help to them. If you go back and try to sue them to collect the money they owe, it may be a help to them. That is correct, Your Honor. In a confirmation proceeding – and in Georgia, as I said, the case, it's a setoff. So it makes perfect sense to apply in – as a setoff in a confirmation case where if it gets knocked down for $120,000, the loan was for $240,000 and someone has money, they can go to court and try to seek the deficiency judgment. So there they'd say we need the excess money, and the borrower can say, no, there were violations. We need a setoff from that because it's a defense. So – but in this particular case, Your Honors, they didn't do that. They filed a separate lawsuit. And if you look at their original complaint, in the original complaint, it was failing to get notice about the default, acceleration, and then they didn't know about the assignment of – from MERS to U.S. Bank. None of that has to do with anything in a recoupment or defense to collect a debt. In the second amendment complaint, the one that we're actually here about, it has nothing to do with the foreclosure. It simply talks about a violation of TILA trying to get affirmative damages. It is not in any way, shape, or form trying to be used as a defense. It's being used as a sword instead of a shield. Now, the nonjudicial foreclosure, it was halted after they filed a suit. But if they wanted to try to stop that, they could have, and maybe they could have filed something. It was halted, the foreclosure? Yes, it was voluntarily halted. So they have been in the House now for several years.  No, they are not making payments, Your Honor. How many years since all this started they've been there without making any payments? I believe it's since 2013, Your Honor, 2012. Four years? Yes, Your Honor. It's been quite a while, and that's because the plaintiffs, if you look at their briefing, they say the house is theirs, they owe no money, and that's another reason why it cannot be used as a defense. Because they say, when we sent you this 2011 notice that talks about a 2003 loan, the property, you didn't respond in 20 days, the property is ours, and you owe us damages. So it's not being used in the complaint as a defense to anything. It is saying we own the property free and clear, and you owe us money. That is clearly not what is intended by 1640E. Now, the Jezinoski case does not require otherwise, going back for a moment on the statute of limitations, because if you look at the timing of the Jezinoski case, it just talks about the right to rescind, not how you rescind. But on the timing of that case, that suit is filed within the one-year statute of limitations for damages. And so if you are going to piggyback off of the statute of limitations for TILA with a concurrent remedy, it is entirely consistent with Jezinoski because it does meet that deadline. But going back to whether they've met the pleading standard. Let me make sure I'm on the right complaint. Yes, Your Honor. You said something that I have a first amended complaint, and then I thought there was a motion to file a second amended complaint. And that was tendered, but the filing was denied. And maybe from what you just said, we are on the second amended complaint, so the filing of the second amended complaint was permitted. No, Your Honor. They filed the original complaint in state court. It was removed. Right. And it dealt with foreclosure and wrong foreclosure. Then they filed an amended complaint. Right. And that's the one that's currently before the court. They filed a motion to file a second one, and then that one was ruled, it's futile, you cannot do it. That's exactly what I thought happened. Yes, Your Honor. And this third complaint that opposing counsel is talking about, it's not in the record, or you don't know what that is, that they were thinking of filing a third amended complaint. Well, I believe it is in the record. I think Judge Black was reading from it earlier. I thought it was. The third amended, all right. Yes, the third, the second amended, which is the third total complaint. I'm talking. They're counting the second amended complaint as the third complaint. Okay, all right. So there's no third amended complaint. Okay, all right, all right. Okay. Number three. And now as a pleading matter, they point only to you violated this entire code section 1635, which is A through I with multiple subparts to it. Under, you know, even if you just looked at Twombly or Iqbal, that's clearly not sufficient. But you don't have to because the Eleventh Circuit has gone further and actually analyzed what is required in order to plead it. Now, in the Wayne v. Loan Corp., which I don't know if it's an unpublished decision, it says that a borrower seeking rescission must first establish as a threshold matter that they had the right to rescind. And then it went on to say the dismissal of rescission was appropriate because they didn't plead allegations that would provide a right to rescind the mortgage. And in the Wayne case, they had claims about not providing identity of the lender, interest rate problems, yield spread premiums being wrong, processing and administrative fees, and the court said no. Those are not material, so they do not give you a TILA claim. And in this particular case, if those specific allegations are not enough to get you past the pleading stage, then certainly saying you violated an entire statute, we're not going to tell you what, is not. Because all that does is violate the Iqbal standard, which is you cannot plead consistent with liability. You actually have to have factual enhancements in order to get there. And the court actually went forward and had a second decision, Brooks v. American Home Key, which is since we filed our brief, which upheld dismissal because it noted that there was no factual enhancements because all they said was they didn't even allege that they failed to provide the required disclosure. So from U.S. Bank's position, we have, do we have any facts showing they had the right to rescind? And the answer to that is no, no factual enhancements. Clearly, and just to note, that paragraph 24, it's not in the statement of facts. It's in count one declaratory judgment. There are zero facts in the actual complaint in the facts section that have anything to do with this. So that's number one. Second is, if there are facts, can they show they properly rescinded? Now, we would say, Your Honor, that looking at the February 11, 2011 letter, which is the only one at issue, looking at that, you can say as a matter of law, that could not properly rescind. Proper rescission is a drastic remedy. It requires a bank to do something within 20 days, you know, return the principal, parties start engaging in how to get back to normal. Well, if you get a letter talking about a loan that you never had anything to deal with and that just uses the word rescission, then you have to go to a court and file a lawsuit in order to stop you from losing your property. Banks are going to be forced to file lawsuits for any letter they receive, even if it's about a different loan that has nothing to do with any TILA violations, and that clearly cannot be what is required. So unless Your Honors have any questions, my time is up. All right. Thank you. Thank you. Your Honor, I wanted to address a couple of points. First, in terms of the pleading requirements, again, I think that the bank is really overstating the case here because the pleading requirement that's required is merely to assert that the bank's disclosures that were required under 1635 were not made. And those disclosures, of course, were a clear statement that the borrower had the right to rescind information with respect to the interest rate, total number of payments, the amount of financing charges, and how much total interest is going to be paid over the course of the loan. And so that's not really a lot of very complicated facts. Those were either served or not. What about the bank's contention, though, that we're talking about a different institution altogether? It's a different transaction. I mean, if the complaint had been more particular, would we not have known, well, this is a situation that U.S. Bank is not responsible for, it's wells, or is that irrelevant to the discussion? Well, if you look at the letter, that's another point. That's the second point I wanted to get to, and that was the adequacy of this rescission notice dated February 11, 2011. It appears in the record between pages 135 and 137, and it's addressed to U.S. Bank. It states specifically, it's most unfortunate, this is the second paragraph, that after multiple attempts, U.S. Bank continues to deny us the borrower's information, and it goes on to talk about that. And then in the body of the letter, in the second page that appears on page 136, it fairly clearly says U.S. Bank's continued failure to produce all the information we are entitled to under TILA, and then it goes on to say other consumer protection laws as well. And then the next paragraph, we are hereby electing to pursue all rights and remedies, including rescission. So I think that's fairly clear. Nothing in TILA says that you have to send the notice, and it has to be no longer than one or two sentences long. Nothing in TILA says you have to say why you are rescinding. You either have the right to rescind or you don't. And nothing in TILA says that you have to explain that to the bank. And Justanowski doesn't say you have to say that. Now, it is true that, of course, the Baysmores would have to have the right to send that in order to exercise that right. And we're not saying that that's not an issue that would be ripe for discussion and controversy, perhaps. I don't know if it will be, because no one in this case has actually seen what disclosures, if any, U.S. Bank has made. An interesting side point is that in the – Well, we don't even know from your clients their position whether they got disclosures or not. They haven't given us a hint on that one, Ron. Oh, no, they definitely say they have not gotten the disclosures. They've made that point clear to me, and that is what their intent was. Was it clear in the complaint that they got no disclosures? I think so. And, again, I know that we may not see eye to eye on the effect of paragraph 24, but if the bank did not comply with the requirements of section 1635, and 1635A says you've got to give these disclosures – Yeah, but there are a lot of things it says. They maybe gave disclosures but didn't do the third point on the list. I mean, your clients aren't tipping their hand on anything, are they? Theoretically, except it says all disclosure, all requirements of 1635. And the most important – remember, this is under the – and this is true. I mean, I don't know if there's any pleading requirement saying that you can't put a new fact in the section of the complaint that's titled count one declaratory judgment. And so they say in the declaratory judgment count, which we all know you have to allege that the disclosures weren't made, they say the bank did not comply with the requirements of 1635, which in the context of a declaratory judgment for rescission, really it doesn't take much to put two and two together. They're saying they didn't get the disclosures. And again, I think that for the purposes of the appeal, I don't see how that could be the basis of a dismissal with prejudice of their claim because in the district court, had Judge Totenberg not made the error with respect to the statute of limitations, she certainly would have given the Baysmores the opportunity to replete that. And I think in any case, what was the bank supposed to do? If they had any questions about that, they could have asked for a bill of particulars. They could have asked for discovery on that. And now the point I was going to make is that I think the bank misspoke in its brief in a footnote, I think it's footnote seven, says that, well, we also made a motion for summary judgment. Well, there was no motion for summary judgment made in the record. Not only is it not reproduced. And your time is up, so we'll allow you to conclude if you'd like. Well, thank you. And so I think basically our argument is set forth well in the briefs. And I think that one last point I'd like to make with respect to the adequacy of the letter, the notice of rescission. Well, I don't want one last point, just conclusion if you could. Well, the conclusion is that they never really raised the adequacy of that notice of rescission before Judge Totenberg. And so under clear law, they really should have waived that. Thank you very much. All right. We will be in recess. Thank you.